IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

LANCE MITCHELL OWENS,                                                           PETITIONER
ADC #610855,

v.                                    5:13CV00057-DPM-JJV

RAY HOBBS, Director,
Arkansas Department of Correction                                              RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form

1

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.   BACKGROUND**

On September 6, 2002, the Petitioner, Lance Owens, pleaded guilty in Washington County to kidnapping and was sentenced to 360 months imprisonment. (Doc. No. 10-1.) That same day, judgment was also entered in Madison County reflecting that Mr. Owens had entered a plea of guilty to murder in the first degree and had been sentenced to life in prison. (*Id.*) The same circuit judge presided over both pleas. (Doc. No. 10-2.)

On December 16, 2002, Mr. Owens filed identical petitions for postconviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure for the pleas in Washington and Madison Counties. (Doc. No. 10-1.) The circuit courts denied both petitions. (*Id.*) Mr. Owens appealed to the Arkansas Supreme Court. On May 15, 2003, the court dismissed the appeals for lack of appellate jurisdiction. (*Id.*)

Mr. Owens filed his initial habeas Petition on February 21, 2013, and an Amended Petition was filed on July 25, 2013. (Doc. No. 7 at 16.) In his Amended Petition, Mr. Owens asserts the following grounds for relief:

(1) ineffective assistance of counsel for failure to adequately counsel him as to the sentencing guidelines;

2

(2) ineffective assistance of counsel for failure to investigate a defense of duress to the kidnapping and first-degree murder charges;

(3) that his guilty plea was not knowingly and intelligently made because the culpable-mental-state element of first-degree murder was not explained to him prior to his plea; and

(4) ineffective assistance of counsel for failure to inform him about the possibility of filing a petition for postconviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure.

Mr. Owens relies heavily on the recent U.S. Supreme Court case, *Trevino v. Thaler,* 133 S. Ct. 1309 (2013), arguing that his Petition is timely because the statute of limitations "begins anew upon the recognition of a new constitution rule by the Supreme Court." (Doc. No. 7 at 3.) The Respondent filed a Response to the Amended Petition on September 9, 2013 (Doc. No. 10) and Mr. Owens filed a Reply on September 23, 2013. (Doc. No. 14.) For the following reasons, the Court finds Mr. Owens's Amended Petition (Doc. No. 7) should be DISMISSED with prejudice.

## II. ANALYSIS

Respondent argues that Mr. Owens's Petition is barred by the statute of limitations. (Doc. No. 10 at 4.) Title 28 U.S.C. §§ 2241 (d)(1) and (d)(2) impose a one-year period of limitation on petitions for writ of habeas corpus:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(d)(2).

After carefully reviewing the record, the Court finds the Petition is untimely. The one-year limitations period began to run on the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Mr. Owens's convictions became final on September 6, 2002, the date of the entry of his guilty pleas. *See* Ark. R. App. P. 1(a) (no right to direct appeal from an unconditional guilty plea); *Bradford v. State,* 351 Ark. 394, 400-401, 94 S.W.3d 904, 908-09 (2003) (holding that a criminal judgment in Arkansas becomes effective when it is entered of record). One year from that date was Saturday, September 6, 2003, so Mr. Owens had until Monday September 8, 2003, to file his petition. Fed. R. Civ. P. 6(a)(1)(2013). The instant Petition, filed on February 21, 2013, was over nine years late. There is also no indication in the record that Mr. Owens diligently pursued his rights regarding the instant claims or that some extraordinary circumstance prevented timely filing. Further, the filing of his state habeas petition provides no relief. The statute of limitations clock may not be tolled after it has already expired. *Jackson v. Ault*, 452 F.3d 734, 735-36 (8th Cir. 2006). Therefore, Mr. Owens is not entitled to equitable tolling and this matter should be dismissed as time barred.

Mr. Owens concedes that his deadline to file a timely habeas petition was September 8, 2003, (Doc. No. 14 at 3) but argues that it was not until the Supreme Court's ruling in *Trevino* that he had an opportunity to bring his claim for federal habeas review pursuant to subsection (C). Title 28 U.S.C. § 2244(d)(1)(C) provides that the announcement of certain new rules of constitutional law may warrant a delay in the commencement of the limitations period beyond the conclusion of direct

review or the expiration of the time for seeking it.  Under this provision, the commencement of the limitations period will be triggered on "the date on which the constitutional right asserted was initially recognized by the Supreme Court of the United States, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C).

The Respondent contends that *Trevino* did not recognize a new constitutional right as Mr. Owens asserts.  (Doc. No. 10-2.)  Rather, *Trevino* expanded an exception, announced in *Martinez v. Ryan,* 566 U.S. ---, 132 S. Ct. 1309 (2012), to the general rule that lack of counsel in state postconviction proceedings, or ineffective assistance of counsel is the same, does not establish the "cause" prong of the cause-and-prejudice exception to the doctrine of procedural default in federal habeas corpus proceedings.  See *Trevino,* 133 S. Ct. at 1918-21; *Martinez,* 132 S. Ct. at 1315.

The *Martinez* opinion does not establish a general right to the effective assistance of counsel in post-conviction proceedings; it holds that its exception is equitable, not constitutional. *Martinez,* 1312 S. Ct. at 1315.  Thus, *Martinez* did not announce a new rule of constitutional law, and because *Trevino* merely expanded the equitable exception defined in that case – *Trevino* did not either. Therefore, the Respondent argues, subsection ( C ) does not apply to Mr. Owens's case. The Court agrees.

III. **CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11 of the <u>Rules Governing Section 2254 Cases in the United States District Courts,</u> a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue  a certificate of appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued;

(2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

In this case, the Petition is clearly time barred and the Petitioner's claims are without merit. Therefore, no certificate of appealability should be issued.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Amended Petition for Writ of Habeas Corpus (Doc. No. 7) be DISMISSED with prejudice.

2. A certificate of appealability should not be issued.

3. All pending motions be DENIED as moot.

DATED this 16th day of January, 2014.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE